IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00080-WYD

FRANCOIS DOMINIQUE MICHEL SALINIER,

    Petitioner,

v.

AMANDA JOY MOORE, a/k/a AMANDA JOY MINARIK, a/k/a AMANDA JOY SALINIER,

    Respondent.

And Concerning the Minor Child, S.G.S.

---

**ORDER REGARDING EMERGENCY MOTION FOR APPOINTMENT OF EXPERT TO EVALUATE MINOR CHILD**

---

    COMES NOW, Courtney Leathers of Litvak, Litvak, Mehrtens & Epstein, P.C., and Joseph Antolinez of Antolinez Miller, LLC, attorneys duly licensed to practice law in the State of Colorado, and admitted and qualified to practice before the United States District Court, hereby request that this Court enter the following Order regarding the appointment of an expert to evaluate the minor child.  After reviewing the proposed terms and conditions of the request, I hereby enter the following Order:

1.    Dominique Tavernier, L.M.F.T. shall be the joint expert appointed in this matter. Ms. Tavernier is located at 6059 S. Quebec Street, Suite 200 Greenwood Village, CO 80111, telephone number: 303.634.2555.

2.    Counsel for each party shall be able to provide the expert with information regarding this matter as they see fit.  Counsel shall provide to each other copies of any

document(s) transmitted to the expert at the time they are transmitted.

3. The expert shall investigate the following issues:

    A. All aspects of the social background of the minor child by talking to Petitioner, Respondent, the minor child, any third party the expert deems relevant and reviewing court records from legal proceedings in France and the United States, and engaging in any further fact inquiry or investigation the therapist deems necessary.

    B. Provide facts, evidence and recommendations to the Court as to the minor child on whether returning the child would expose him to a grave risk of physical or psychological harm or otherwise subject the child to an intolerable situation.

    C. Evaluate the child's age and degree of maturity and explore as to whether or not this child possesses an age and degree of maturity at which it is appropriate to take account of his views.

    D. Investigate the wishes of the child, including whether this child is, in fact, objecting to being returned to France to live with his Father.

    E. Evaluate and explore the child's reasoning for his objections.

    F. Determine whether the child's objection and reasoning have been inappropriately tainted by the undue influence of either party or any third party.

4. The expert has scheduled appointments on Tuesday, February 9, 2010, Wednesday, February 10, 2010, and Thursday, February 11, 2010. The expert will copy both parties of any additional appointments or schedule changes.

5. The expert in doing her evaluation shall meet with both parents either in person or telephonically or both to gain their perspectives on this matter. The expert may also

conduct sessions with the child and either parent or any third party the therapist deems relevant.

6.      The report of the expert is due to the Court and counsel for both parties by noon, February 22, 2010.  The Respondent's counsel shall be responsible for e-filing the report by noon.  All parties agree that the report shall be sealed and shall not be accessible to any person who is not an attorney, a consulting expert or party to this proceeding.

7.      Each party will pay for the time they spend with the evaluator, time the evaluator spends with their collateral witnesses, or for any time the evaluator takes to review communications or documents she has received from that parties' respective attorney.  The parties will equally share all other costs of the evaluator including the minor child's time alone with the therapist and the evaluator's court time.  Each party shall pay the evaluator 50% of her requested retainer.

Dated:  February 11, 2010

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge